**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JAMES VARHOLICK, | : | Case No. 01:11 CV 2491 |
| Petitioner, | : | |
| vs. | : | |
| MARION CORRECTIONAL INSTITUTION, | : | |
| WARDEN, | | **MAGISTRATE'S REPORT AND** |
| | : | **RECOMMENDATION** |
| Respondent. | | |

## I. INTRODUCTION

This case was automatically referred to the undersigned Magistrate Judge for report and recommendation pursuant to 72.2(b)(2) of the UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO LOCAL CIVIL RULES.  Pending are the Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, Respondent's Return of Writ and Petitioner's Opposition (Docket Nos. 1, 6 & 7).  For the reasons set forth below, the Magistrate recommends that the Court deny the Petition for Writ of Habeas Corpus.

## II. FACTUAL BACKGROUND.

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, the determination of factual issues made by a

State court shall be presumed to be correct.  28 U. S. C. § 2254(d)(1) (Thomson Reuters 2013).

This statutory presumption of correctness extends to factual findings made by state appellate

courts on the basis of their review of trial court records.  *Hardaway v. Withrow*, 305 F.3d 558,

563 (6th Cir. 2002) (*citing Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir.2001) (*citing Sumner

v. Mata*, 101 S.Ct. 764, 768-769 (1981)).  The applicant shall have the burden of rebutting the

presumption of correctness by clear and convincing evidence.  *Id.* (*citing* 28 U.S.C. §

2254(e)(1)).

The factual background in this case is set forth by the Eighth District Court of Appeals of

Ohio in *State v. Varholick*, 2011 WL 3859922, *1 (2011) and supplemented by records from the

pre-trial, trial, sentencing and post-conviction proceedings provided by the Respondent.

Petitioner failed to rebut any of these facts.

> In August 2009, the grand jury filed an indictment alleging two counts of driving
> while under the influence.  The record, including the police report of the incident
> found in the file, shows that Petitioner was so intoxicated that he fell asleep while
> driving (Docket No. 6-1, pp. 1-3 of 142).  Fortunately, he fell asleep while
> stopping for a light, and his foot remained on the brake until a police officer
> investigated the vehicle not proceeding at the light.  *Varholick*, at fn. 1.
>
> The "Furthermore" clause in the first charge listed by date and case number listed
> Petitioner's five previous convictions for drunk driving.  The second indictment's
> "Furthermore" clause stated that Petitioner "previously had been convicted of or
> pleaded guilty to a violation of OHIO REV. CODE § 4511.19 (G)(1)(e) which
> provides in pertinent part, that an offender who previously has been convicted of
> or pleaded guilty to a violation of division (A) of this section that was a felony,
> regardless of when the violation and the conviction or guilty plea occurred, is
> guilty of a felony of the third degree."  *Varholick*, at fn.2.
>
> On September 2, 2009, Petitioner pleaded guilty to Count 2, and the state *nolled*
> Count 1.  At that time, defense counsel admitted that this was Petitioner's second
> felony offense for drunk driving and consequently, this charge was a third degree
> felony.  Petitioner also admitted that he was now serving a 30–month prison
> sentence for violating probation on the previous felony conviction for drunk
> driving.  Petitioner had the same trial judge for both of his drunk driving felony
> cases.  *Varholick,* at *1; Docket No. 6-1, pp. 4; 53-63 of 142.

The trial judge held the sentencing hearing on October 1, 2009.  Defense counsel made a concise statement on Petitioner's behalf.  He stressed that Petitioner had taken responsibility for his actions by admitting his culpability and his alcoholism, that he had been staying sober on probation, that he had attended many 12–step meetings, that he could benefit from treatment, and that he does not want to drink anymore.  The trial judge then stated he would hear from the defendant himself.  Petitioner stated that he did not know what to say, that the judge had given him a chance, that he had been doing so well, that he was not drinking, that he did not want to drink and did not know why he drank again.  *Varholick*, at *1; Docket No. 6-1, pp. 64-72 of 142.

The trial judge then terminated the allocution and stated that Petitioner drank again because he is an alcoholic.  The judge expressed his sympathy for Petitioner's condition, but stated that statements made by Petitioner and his friends about unfortunate events in Petitioner's life were unnecessary.  The judge told Petitioner that he had given him a chance, but that Petitioner had not done what was necessary, which was to stay sober every day.  Instead, Petitioner chose to drink and get behind a wheel again.  The judge continued that Petitioner was fortunate that he did not kill anyone, but the judge needed to protect the public.  Thus, he sentenced Petitioner to four years consecutive to the 30 months for the probation violation.  *Varholick*, at *1; Docket No. 6-1, p. 5 of 142.

### III. PROCEDURAL BACKGROUND.

1. DIRECT APPEAL.

On November 2, 2009, Petitioner filed a notice of appeal in the Court of Appeals of Cuyahoga County, Ohio, Eighth Appellate District (Docket No. 6-1, p. 6 of 142).  The sole assignment of error:

> Since no findings were made as prescribed by OHIO REV. CODE § 2929.14, the trial court erred in imposing consecutive sentences (Docket No. 6-1, pp. 8-12 of 142).

The court of appeals affirmed the judgment of the trial court on October 21, 2010 (Docket No. 6-1, pp. 19-23 of 142).

2. APPEAL TO THE SUPREME COURT OF OHIO.

Petitioner filed a notice of appeal in the Supreme Court of Ohio on December 28, 2010 (Docket No. 6-1, pp. 24-25 of 142).  In his brief, Petitioner asserted that the Supreme Court of

Ohio should review his case for the following reason:

> When the Supreme Court of Ohio abrogated *State v. Foster*[1], *Oregon v. Ice*[2], automatically and retroactively revived Ohio's consecutive sentencing statute. Petitioner claimed that he was entitled to sentencing under the pre-*Foster* guidelines (Docket No. 6-1, pp. 26-31 of 142).

Chief Justice Maureen O'Connor, of the Ohio Supreme Court, denied Petitioner leave to appeal and dismissed the appeal as not having any substantial constitutional question on March 2, 2011 (Docket No. 6-1, p. 37 of 142).

**3.     APPLICATION TO REOPEN.**

On December 30, 2010, Petitioner filed an application for reopening in the appellate court, claiming that his appellate counsel's performance was deficient and that the deficient performance prejudiced his defense.  Petitioner suggested that appellate counsel should have argued that:

1.    The indictment for Count 2 was jurisdictionally defective because it did not plead the fact of his prior felony conviction for drunk driving, i.e., the indictment did not state by date, court, and case number his prior felony conviction.
2.    The state failed to provide a certified copy of the judgment and evidence that the judgment applies to the defendant under OHIO REV. CODE § 2945.75(B) so the trial court did not have a proper basis for sentencing him to a third degree felony.
3.    Because the initial charging instrument in Rocky River Municipal Court did not state a prior felony drunk driving conviction, there could be no third degree offense.

---

[1]

In *Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), the Supreme Court of Ohio applied the principles developed in *Blakely v. Washington*, 124 S.Ct. 2531 (2004), and *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000), to determine that a number of provisions in Ohio's sentencing statutes violated the jury-trial guarantee of the Sixth Amendment to the United States Constitution. In particular, the Court held that because OHIO REV. CODE §§ 2929.14(E)(4) and 2929.41(A) require judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant before the imposition of consecutive sentences, they were unconstitutional.

[2]

In *Oregon v. Ice,* 129 S.Ct. 711, 719-720 (2009), the Supreme Court of the United States held that the Sixth Amendment to the United States Constitution does not inhibit states from assigning to judges, rather than juries, the finding of facts necessary to the imposition of consecutive, rather than concurrent, sentences for multiple offenses. 129 S.Ct. 711 (2009).

4.      The trial court improperly terminated his right to allocution under OHIO CRIM. R. 32(A).  *Varholick, supra,* at *2-*4; Docket No. 6-1, pp. 39-50 of 142.

On August 26, 2011, the court of appeals denied the application, finding that:

1.      It was unrefuted that Petitioner had a prior felony drunk driving conviction and everyone agreed that he was pleading guilty to a third degree offense.  To argue otherwise would raise form over substance, which appellate counsel in the exercise of professional judgment could decline to do.
2.      By pleading guilty, Petitioner admitted to the prior conviction, his counsel stipulated to it and the trial judge knew it.  This argument also endeavors to raise form over substance.
3.      This argument is ill-founded as a review of the Rocky River Municipal Court complaint shows that it lists all five of his prior drunk driving convictions by date, court and case number.
4.      The trial judge complied with OHIO CRIM. R. 32(A) (Docket No. 6-1, pp. 93-103 of 142).

**4.      PETITION FOR WRIT OF *CERTIORARI*.**

By and through counsel, Petitioner filed an application to extend time to file a petition for writ of *certiorari* from May 31, 2011 to July 30, 2011.  United States Supreme Court Associate Justice Elena Kagan granted the motion and on August 1, 2011, Petitioner filed a petition for writ of *certiorari* and motion for leave to proceed in *forma pauperis*.  The matter was distributed for conference discussion on September 26, 2011 and the petition was denied on October 3, 2011.  The motion to proceed in *forma pauperis* was considered moot (Docket No. 6-1, p. 38 of 142).

**5.      MOTION FOR RECONSIDERATION.**

On September 8, 2011, Petitioner, *pro se*, filed a motion for reconsideration in the court of appeals from the decision rendered by the court of appeals on August 26, 2011 (Docket No. 6-1, pp. 105-108 of 142).  The motion was denied on October 3, 2011 (Docket No. 6-1, p. 109 of 142).

On October 5, 2011, Petitioner filed a notice of appeal from the denial of the motion for

reconsideration. In the accompanying memorandum in support of jurisdiction, Petitioner argued that the appeals court erred in denying the motion for reconsideration for the reason that his case raised a substantial constitutional question of public interest. Three propositions were made:

1.  The trial court erred in imposing a sentence for which it lacked jurisdiction and in doing so violated Petitioner's constitutional right to due process.
2.  The trial court erred by imposing a sentence for an offense that was elevated without evidentiary support of a certified document and in doing so violated Petitioner's constitutional right to due process.
3.  The trial court erred by imposing a felony sentence when the charging documents failed to list the required fact of a prior felony conviction to elevate the offense from a misdemeanor.
4.  Petitioner was denied due process in accordance with CRIM. R 21(A)(1) (Docket No. 6-1, pp. 110-111; 112-127 of 142).

Chief Justice O'Connor, of the Ohio Supreme Court, dismissed the appeal as not involving any substantial constitutional question on December 21, 2011 (Docket No. 6-1, p. 142 of 142).

**6.      PETITION FOR WRIT OF HABEAS CORPUS.**

On November 16, 2011, Petitioner filed the PETITION UNDER 28 U. S. C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY in this Court. He asserts two grounds for relief:

1.  Denied due process
    Supporting Facts:
    a.  Because the court lacked subject matter jurisdiction.
    b.  Without evidentiary support in accord with [OHIO REV. CODE §] 2945.75(B).
    c.  Failure to produce documents.
    d.  In accord with CRIM. R. 32(A)(1).

2.  Consecutive sentences contrary to law.
    Supporting Facts:
    The facts and findings do no support consecutive sentences nor permit it (Docket No. 1).

# IV. THE STATUTE OF LIMITATIONS.

There is a one year statute of limitations that applies to the application of a writ of habeas corpus filed by a person in custody pursuant to a state court. *Keeling v. Warden, Lebanon Correctional Institution*, 673 F.3d 452, 458 (6th Cir. 2012) *cert. denied*, 133 S. Ct. 141 (2012) (*citing* 28 U.S.C. § 2244(d)(1)). This statute of limitations begins to run from the latest of:

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* at 458-459 (*citing* 28 U.S.C. § 2244(d)(1)(A)–(D)).

Because Petitioner does not implicate Sections 2244(d)(1)(B), (C) or (D), the statute of limitations began to run at the expiration of the time for seeking direct review. The decision of the trial court was affirmed by the court of appeals on October 21, 2010. The Supreme Court of Ohio denied Petitioner leave to appeal and dismissed the appeal on December 28, 2010. On May 31, 2011, Petitioner obtained an extension of time to file a petition for writ of *certiorari* until July 30, 2011. Petitioner filed the petition for writ of *certiorari* and it was denied on October 3, 2011. While his direct appeal was pending, Petitioner filed a motion to reopen which tolled the statute of limitations until the court entered a decision on December 21, 2011. Before the statute of limitation commenced, Petitioner filed the PETITION FOR WRIT OF HABEAS CORPUS on November 16, 2011.

7

Petitioner's PETITION is not time barred.  Therefore, the Magistrate will first consider the procedural requirements for asserting a federal habeas corpus challenge to Petitioner's custody pursuant to the state court judgment.

## VI. PROCEDURAL DEFAULT STANDARD OF REVIEW.

Under the ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT (AEDPA), 28 U. S. C. § 2254, there are constraints placed on this federal habeas court before granting a timely filed application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. *Doan v. Carter*, 548 F. 3d 449, 454 (6th Cir. 2008) *cert. denied,* 130 S. Ct. 366 (2009) (*citing Williams v. Taylor*, *supra,* 120 S. Ct. at 1523).  Habeas review is limited to non-time barred claims for relief that have been fully exhausted in state court.  *Id.*

The federal habeas court is not a forum for trying facts and issues which a petitioner failed to pursue in state proceedings.  *Seymour v. Walker*, 224 F.3d 542, 549 (6th Cir. 2000). When a habeas petitioner fails to obtain consideration of a claim by a state court, either due to the petitioner's failure to raise that claim before the state courts while state court remedies were still available or due to a state procedural rule that prevented the state courts from reaching the merits of the claim, that claim is procedurally defaulted.  *Id.* at 549-550.  A federal court will review a defaulted claim only if a petitioner "show[s] that there was cause for the default and prejudice resulting from the default, or that a miscarriage of justice will result from enforcing the procedural default."  *Id.* at 550.

## 1.  *MAUPIN V. SMITH* STANDARD OF REVIEW.

For noncompliance with a state procedural rule to serve as a bar to habeas review, the state procedure must satisfy the standards set forth in the seminal case of *Maupin v. Smith*, 785 F.2d 135, 139 (6th Cir. 1986).  *Scott v. Brunsman*, 695 F.Supp.2d 771, 779 (N.D.Ohio,2010).

First, there must be a state procedural rule in place that the petitioner failed to follow. *Id*. (*Smith v. State of Ohio Department of Rehabilitation and Corrections*, 463 F.3d 426, 431 (6th Cir. 2006) (*citing Maupin*, 785 F.2d at 138)). Second, the state court must have actually denied consideration of the petitioner's claim on the ground of the state procedural default. *Id*. (*citing Smith,* 463 F.3d at 501-502). Third, the state procedural rule must be an "adequate and independent state ground to preclude habeas review." *Id*. If these three factors are satisfied, the petitioner can overcome the procedural default by either demonstrating cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claims will result in a fundamental miscarriage of justice. *Id*. (*citing Coleman v. Thompson*, 111 S.Ct. 2546, 2555 (1991)).

> a. **"CAUSE" FOR DEFAULT STANDARD**.

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate "cause" for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Wogenstahl v. Mitchell,* 668 F.3d 307, 321 (6th Cir. 2012) (*citing Coleman v. Thompson*, 111 S.Ct. 2546, 2565 (1991)). The "cause" for default standard in procedural-default cases requires the petitioner to show that "some objective factor external to the defense impeded counsel's efforts" to raise a claim in the state courts. *Id.* (*citing McCleskey v. Zant,* 111 S.Ct. 1454, 1469 (1991) (internal quotation marks omitted)). Such factors may include interference by officials, an attorney error rising to the level of ineffective assistance of counsel, or a showing of a factual or legal basis for a claim that was not reasonably available. *Id*. (*citing McCleskey*, at 1470).

9

b.    ACTUAL PREJUDICE STANDARD.

The prejudice prong of is an elusive concept but several guidelines can be discerned from the Supreme Court's pronouncements and the case law interpreting those pronouncements. *Maupin, supra*, 785 F.2d at 139.  First, it is clear that the prejudice that must be shown must be a result of the alleged constitutional violation and not a result of the trial counsel's failure to meet state procedural guidelines.  *Id.* (*See United States v. Frady*, 102 S.Ct. 1584, 1594 (1982) (prejudice must result from the errors of which defendant complained)).  Second, the burden is on the petitioner to show that he or she was prejudiced by the alleged constitutional error.  *Id.* (*citing Frady*, 102 S.Ct. at 1595).  Moreover, the petitioner must show that there was actual prejudice not merely a possibility of prejudice.  *Id*. (*See also Engle v. Isaac*, 102 S.Ct. at 1572). Third, in analyzing a petitioner's contention of prejudice, the court should assume that the petitioner has stated a meritorious constitutional claim.  *Id.*  Thus, the examining court must examine whether the petitioner was prejudiced by his conviction based on allegedly insufficient evidence.  *Id.*

c.    FUNDAMENTAL MISCARRIAGE OF JUSTICE STANDARD.

A fundamental miscarriage of justice results when one who is actually innocent is convicted.  *Gibbs v. United States*, 655 F.3d 473, 477 (6th Cir. 2011) *cert. denied,* 132 S. Ct. 1909 (2012).  "Actual innocence" is an extremely narrow exception, and "claims of actual innocence are rarely successful."  *Id.* (*citing Schlup v. Delo*, 115 S.Ct. 851, 864 (1995)). Moreover, "a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."  *Id.* (*citing Herrera v. Collins*, 113 S.Ct. 853, 862 (1993)).

10

2.    PETITIONER'S FAILURE TO COMPLY WITH PRINCIPLES ESTABLISHED IN *MAUPIN V. SMITH*.

Petitioner was required to squarely present all of his claims in the PETITION FOR WRIT OF HABEAS CORPUS, describe operative facts and assert legal theories underlying his claims that he submitted in the state courts.  Failing to obtain consideration of his first claim on direct appeal and to the Supreme Court of Ohio while the state court remedies were still available, prevents this Court from reaching the merits of whether Petitioner was deprived of due process.

The Magistrate finds that the issues presented in Petitioner's supporting facts–(a) the court lacked subject matter jurisdiction and (c) failure to produce documents–were not presented in any fashion on direct appeal or in a motion for post-conviction relief.  Collateral relief is unavailable to Petitioner on these issues and therefore Petitioner cannot exhaust his state remedies with respect to these claims.  In a motion for post-conviction relief Petitioner raised an ineffective assistance of counsel claim based on reasons set forth in this habeas petition–(b) his conviction lacked evidentiary support in accord with OHIO REV. CODE § 2945.75(B) and (d) his conviction was not in accord with CRIM. R. 32(A)(1).  Petitioner is unable to satisfy the exhaustion requirements as to these claims as there is no longer an available state remedy to properly raise the claims in reliance on the due process protections.  Therefore, Petitioner has exhausted his state remedies with respect to these claims.  An analysis under *Maupin's* four-part paradigm follows.

a.    THE FIRST AND SECOND PRONGS OF *MAUPIN* APPLIED TO THIS CASE.

Petitioner fails to invoke the *Maupin* test as it applies to any of his claims.  Nevertheless, the Magistrate finds that the first and second *Maupin* prongs are easily satisfied because of the doctrine of *res judicata*.

It is well established that under Ohio's doctrine of *res judicata*, a final judgment of

11

conviction bars a convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial on the merits, or on appeal from that underlying judgment.  *State v. Perry*, 10 Ohio St. 3d 175, 180, 226 N. E. 2d 104, 108 (1967).  Thus, unless a claim is based on evidence outside of the record, it must be raised during the appeal or it is deemed waived.  *Id.*

Applying the first and second prongs of the *Maupin* test, Petitioner's first claim, in its entirety, is barred from merit review since this claim could have been raised on appeal or during post-conviction proceedings.  Accordingly, this claim and the supporting facts are considered waived.  At this juncture, there is an absence of available state corrective process as required by 28 U. S. C. § 2254(b).

**b.**     **THE THIRD *MAUPIN* FACTOR APPLIED TO THIS CASE.**

Petitioner fails to present an argument that the *Perry* doctrine is not an adequate and independent state procedural ground.

To be adequate, a state procedural rule must be firmly established and regularly followed. *Parker v. Bagley,* 543 F.3d 859, 861 (6th Cir. 2008) (*citing Fautenberry v. Mitchell*, 515 F.3d 614, 640 (6th Cir.2008) *cert. denied*, 129 S. Ct. 412 (2008) (*quoting Hutchison v. Bell*, 303 F.3d 720, 737 (6th Cir.2002) *cert. denied,* 123 S. Ct. 2608 (2003)).  To determine whether the state rule is adequate, the court must consider whether the "adequate and independent state procedural bar [was] 'firmly established and regularly followed' by the time as of which it [was] to be applied."  *Id.* at 641 (*citing Fautenberry*, *supra*) (*quoting Ford v. Georgia*, 111 S.Ct. 850, 857 (1991) (emphasis added in *Fautenberry, supra*)).  The Sixth Circuit has specifically held that the application of the *res judicata* doctrine in criminal cases, as enunciated in *Perry*, is an adequate

12

and independent state ground.  *Buell v. Mitchell*, 274 F. 3d 337, 348 (6ᵗʰ Cir. 2001).  Since Petitioner failed to present his first, third, fourth and fifth claims to the Supreme Court, he violated Ohio's doctrine of *res judicata* and committed procedural default.

The Magistrate finds that the adequate and independent state ground doctrine requires the federal court to honor a state court holding that is a sufficient basis for the state court's judgment.  Here, the state court would enforce the firmly established and regularly followed procedural bar to Petitioner's due process claim, resting its decision on the application of *res judicata*.  The third prong of the *Maupin* test is easily satisfied.

      c.      CAUSE AND PREJUDICE AND MISCARRIAGE OF JUSTICE.

The undersigned, having found that Petitioner's habeas claims have been procedurally defaulted, must next address the issue of whether Petitioner established the requisite "cause and prejudice" or whether a fundamental miscarriage of justice will result if the Court enforces the procedural default in his case.  Petitioner failed to file a traverse and there are no particularized showings in his pleadings that hint at some objective factor external to the defense that impeded the ability to raise his claims in the state court.  Since "cause" has not been shown, the Magistrate need not reach the issue of prejudice.

Even though Petitioner has not shown "cause and prejudice," he may still be entitled to have his clams heard on the merits if he can show that failure to do so would result in a fundamental miscarriage of justice.  Petitioner has failed to make a strong showing of actual innocence since he does not meet the narrow exception reserved for and explicitly tied to actual innocence.  Failure to meet this miscarriage of justice exception precludes review of Petitioner's procedurally defaulted challenge to his right to due process.  In conclusion, Petitioner is bound by his procedural default and he cannot obtain habeas review of his first ground for relief.

Petitioner's second claim, however, was presented to the state court on direct appeal and then to the Supreme Court of Ohio.  Such timely filed claim is subject to habeas review.

### VII.  HABEAS STANDARD OF REVIEW.

A timely filed application for a writ of habeas corpus on behalf of a person in custody shall not be granted with respect to any claim adjudicated on the merits in state court proceedings unless the adjudication of the claim—

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (Thomson Reuters 2013).

A decision is "contrary to" clearly established federal law when the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Holder v. Palmer*, 588 F. 3d 328, 343 (6th Cir. 2009) (*citing Williams v. Taylor*, 120 S. Ct. 1495, 1523 (2000)).  A state court decision will be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases.  *Id.* (*citing Williams*, 120 S.Ct. at 1523) (emphasis added).

A decision is an unreasonable application of clearly established federal law if it identifies the correct principle of law but unreasonably applies it.  *Williams v. Coyle,* 260 F.3d 684, 699 (6th Cir. 2001) (*See Williams v. Taylor, supra*, 120 S. Ct. at 1519).  An unreasonable application of federal law is different from an incorrect application of federal law.  *Id.*  Under Section 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue [a]

14

writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *Id.* Rather, that application must also be unreasonable. *Id.* (*citing Williams v. Taylor, supra*, 120 S.Ct. at 1521) (original emphasis)).

As a condition for obtaining habeas relief from the federal court, a state prisoner must show that the state court's decision was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement. *Bobby v. Dixon*, 132 S. Ct. 26, 27 (2011). This bar is difficult to meet because "'habeas corpus is a guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (*citing Jackson v. Virginia*, 99 S.Ct. 2781, 2795, n.5 (1979)).

## VIII. DISCUSSION OF PETITIONER'S SECOND CLAIM.

Respondent concurs that Petitioner's second claim–his consecutive sentences are contrary to law–is subject to habeas review.

### 1. ARE THE CONSECUTIVE SENTENCES IMPOSED IN THIS CASE CONTRARY TO LAW?

In his direct appeal, Petitioner argued that because the trial court failed to make certain findings before imposing a consecutive sentence, the sentence was void. In the memorandum in support of jurisdiction filed in the Supreme Court of Ohio, Petitioner developed the argument further, claiming that with the abrogation of *State v. Foster*, *Oregon v. Ice,* automatically and retroactively revived Ohio's consecutive sentencing statute.

Before *Foster*, the court's decision to impose consecutive sentences was governed by OHIO REV. CODE § 2929.14. The language of OHIO REV. CODE § 2929.14(C)(4) addressed consecutive sentences and it required certain findings before a trial court could impose

15

consecutive sentences.   In *State v. Foster,* the Ohio Supreme Court declared that the requirements of OHIO REV. CODE § 2929.14(C)(4) were unconstitutional and held that judicial fact-finding is not required before the imposition of consecutive prison terms.  In *State v. Hodge,* 128 Ohio St. 3d 1, 4, 941 N.E.2d 768, 771 (2010), the Supreme Court of Ohio resolved whether the consecutive-sentencing statutes struck down in *Foster* had been reinstated or revived by the United States Supreme Court decision in *Oregon v. Ice*, 555 U.S. 16 (2009)  This post-*Foster* discussion focused on whether the statutory findings necessary for imposing consecutive sentences should be revived.   After vigorous debate, the Supreme Court of Ohio was not persuaded that the *Ice* decision automatically revived Ohio's former consecutive sentencing statutory provisions in OHIO REV. CODE §§ 2929.14(E)(4), 2929.41(A)[3].

Petitioner was always subject to the imposition of consecutive sentencing within the statutory range.  Notably in *Ice*, the Supreme Court of the United States did not make a finding that (1) inherently overrules *Foster;* (2) creates a presumption of concurrent sentences or judicial fact finding to justify consecutive sentences; (3) revives pre-*Foster* sentencing procedures for consecutive sentencing; or (4) calls into question the necessity for re-sentencing Petitioner under the pre-*Foster* sentencing guidelines.   The use of *Foster* guidelines by the state court for consecutive sentencing does not result in a decision that was contrary to, or involved an

---

[3]

Of note, the Ohio General Assembly amended former OHIO REV. CODE § 2929.14(E)(4) and enacted new language previously invalidated and severed by the Ohio Supreme Court's decision in *State v. Foster*, which became effective on September 30, 2011.  OHIO REV. CODE 2929.14, AMENDMENT NOTES (Thomson Reuters 2013).  It appears that the intent of the General Assembly is to simultaneously repeal and revive the amended language in those divisions that were invalidated and severed by the Supreme Court of Ohio's decision in *State v. Foster*.  The amended language in those divisions is subject to re-enactment under the United States Supreme Court's decision in *Oregon v. Ice, supra,* and the Ohio Supreme Court's decision in *State v. Hodge, supra*, and although constitutional under *Hodge, supra*, that language is not enforceable until deliberately revived by the General Assembly.  Petitioner's claim is not subject to this Amendment since he was sentenced on October 1, 2009, approximately two years prior the effective date of the Amendment.

unreasonable application of, clearly established Federal law.

       **2.**      **IS PETITIONER ENTITLED TO AN EVIDENTIARY HEARING?**

In his Response, Petitioner argues that he is entitled to an evidentiary hearing for purposes of demonstrating that his confinement is against the due process protections of the United States Constitution.

Rule 8(a) of the RULES GOVERNING SECTION 2254 CASES states in pertinent part that it the habeas petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under RULE 7 to determine whether an evidentiary hearing is warranted.  *Wise v. Berghuis,* 2013 WL 595539, *1 (E.D.Mich.,2013) (*citing* RULES GOVERNING § 2254 CASES, RULE 8(a), 28 U.S.C. foll. § 2254). When deciding whether to grant an evidentiary hearing, "a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the petitioner to federal habeas relief."  *Id.* (*citing Schriro v. Landrigan*, 127 S.Ct. 1933, 1940 (2007)).

Because the deferential standards prescribed by Section 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate.  *Id*.  If the record refutes the habeas petitioner's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.  *Id*.  If a habeas petitioner has failed to develop the factual basis for his or her claim in state court, the district court is precluded from granting an evidentiary hearing unless the petitioner establishes that the claim relies on a new, retroactive rule of constitutional law or a factual predicate that could not have been discovered except by due diligence.  *Id*. (*citing* 28 U.S.C. § 2254(e)(2); *Robinson v. Howes*, 663 F.3d 819, 823–24 (6th Cir.2011)).

17

Since the Petition for Writ of Habeas Corpus has not been summarily dismissed at a previous stage of this proceeding, the Magistrate must determine if an evidentiary hearing should be conducted. Petitioner has made conclusory allegations as the basis for granting his request to be heard. These allegations fail to satisfy the threshold requirement that makes conducting an evidentiary hearing mandatory. In other words, Petitioner has not presented an argument or evidence that there is a factual dispute which if resolved in his favor would entitle him to relief. Even assuming that Petitioner's allegations are true, the Magistrate considers that a hearing would not be meaningful in enabling Petitioner to advance his claim or create an entitlement to federal habeas relief. The propriety of Petitioner's claims turn on whether (1) he followed the procedural guidelines for filing a petition and (2) his sentence was consistent with Supreme Court precedent established in *Ice*. It has already been established that Petitioner's claims are barred or without merit. The Magistrate, therefore, denies Petitioner's request for an evidentiary hearing.

## IX. CONCLUSION

For these reasons, the Magistrate recommends the Court deny the Petition for Writ of Habeas Corpus, deny the certificate of appealability and terminate the referral to the undersigned Magistrate Judge.


/s/Vernelis K. Armstrong
United States Magistrate Judge


Date:        May 22, 2013

### X. NOTICE

Please take notice that as of this date the Magistrate Judge's report and recommendation attached hereto has been filed.  Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, any party may object to this report and recommendations within fourteen (14) days after being served with a copy thereof.  Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure.  The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6ᵗʰ Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals.  In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.

.

19