UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES VARHOLICK, *Pro Se*, | ) | Case No.: 1:11 CV 2491 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| MARION CORRECTIONAL | ) | |
| INSTITUTION WARDEN, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

On November 16, 2011, Petitioner James Varholick ("Varholick" or "Petitioner"), *pro se* filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction and sentence for operating a vehicle under the influence of alcohol. (Pet., ECF No. 1, at 1.) Petitioner raised two grounds for relief in his Petition: (1) he was denied due process because: (a) the trial court lacked jurisdiction, (b) there was insufficient evidence to support a finding that he had a prior conviction, (c) of the "failure to produce documents," and (d) the court violated Ohio Criminal Rule of Procedure 32(A)(1); and (2) the trial court imposed a consecutive sentence that was contrary to law. (*Id.* at 6, 8.)

This case was referred to Magistrate Judge Vernelis K. Armstrong for preparation of a report and recommendation ("R&R"). The Magistrate Judge issued her R&R on May 22, 2013, recommending that the Petition be denied. (ECF No. 8.) Specifically, the Magistrate Judge concluded that the court should deny the Petition with respect to ground one because the claim is procedurally defaulted. (R&R, at 11–13.) The Magistrate Judge also determined that ground two

should be denied because the state court's decision to impose a consecutive sentence was not contrary to or involved an unreasonably application of clearly established law. (*Id.* at 15–16.)

As of the date of this Order, Petitioner has not filed any objections to the R&R. By failing to do so, he has waived the right to appeal the Magistrate Judge's recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

The court finds that, after *de novo* review of the R&R, the Petition, and all other relevant documents, the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation (ECF No. 8), with one change. The Magistrate Judge determined that "[i]n a motion for post-conviction relief Petitioner raised an ineffective assistance of counsel claim based on reasons set forth in this habeas petition— [specifically,] (b) his conviction lacked evidentiary support . . . and (d)" the trial court's failure to comply with Ohio Criminal Rule of Procedure 32(A)(1). (R&R at 11.) Thus, the issues were never raised as due process claims. The court finds that Petitioner raised an ineffective assistance of counsel claim in a motion for post-conviction relief based on all arguments Petitioner raised herein with respect to his due process claim, not just the two the Magistrate Judge delineated. This finding, however, does not change the substance of the Magistrate Judge's analysis because none of these claims were raised as due process claims. Consequently, Varholick's Petition is hereby denied, and final judgment is entered in favor of Respondent. The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

June 20, 2013